IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **MLR, LLC**<br><br>Plaintiff,<br><br>v.<br><br>**ZTE CORPORATION and ZTE (USA) INC.,**<br>Defendants. | FILED<br>2009 SEP 10  A 10: 30<br>CLERK US DISTRICT COURT<br>ALEXANDRIA, VIRGINIA<br><br>C.A. No. 1:09cv1023<br>LMB/TCB<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

For its Complaint, Plaintiff MLR, LLC ("MLR") alleges against the Defendants, ZTE Corporation and ZTE (USA) Inc. (collectively "ZTE"), as follows, all upon MLR's best information and belief:

## THE PARTIES

1. Plaintiff MLR is a Limited Liability Company organized and existing under the laws of the Commonwealth of Virginia with its Registered Office and principal place of business at 6524 Truman Lane, Falls Church, Virginia 22043.

2. Defendant ZTE Corporation is a joint stock limited company incorporated in the People's Republic of China with its principal place of business at ZTE Plaza, Keji Road South, Hi-Tech Industrial Park, Nanshan District, Shenzhen, Guangdong Province, People's Republic of China 518057 China.

3. Defendant ZTE (USA) Inc. is a Corporation organized and existing under the laws of the state of New Jersey having its principal place of business at 33 Wood Avenue South, Second Floor, Iselin, NJ 08830. Upon information and belief, ZTE (USA) Inc. is a wholly owned subsidiary of ZTE Corporation.

4. MLR is the owner of certain patents. The patents include those that had been developed by MLR and patents that originated with Spectrum Information Technologies, Inc.

5. ZTE directly or indirectly uses, distributes, markets, sells and/or offers to sell throughout the United States, including in this judicial district, various telecommunication and other consumer products, including wireless communication devices, associated equipment and software.

## JURISDICTION AND VENUE

6. This is an action for patent infringement, arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*

7. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

8. ZTE conducts substantial business in this judicial district and regularly solicits business from, does business with, and derives revenue from goods and services provided to, customers in this district, and has committed acts of infringement in this judicial district and such acts are continuing. Because ZTE has committed acts of patent infringement in this judicial district and/or is otherwise present and doing business in this judicial district, this Court has personal jurisdiction over ZTE.

9. Because ZTE has committed acts of patent infringement in this judicial district and because ZTE provides services and does business in this judicial district, and otherwise has minimum contacts here, venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), and 1400(b).

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,854,985

10. MLR realleges and incorporates herein by reference the allegations stated in paragraphs 1-9 of this Complaint.

11. U.S. Patent No. 5,854,985 entitled "Adaptive Omni-Modal Radio Apparatus And Methods" (the "'985 Patent") was duly and legally issued by the United States Patent and Trademark Office on December 29, 1998, to the inventors Joseph B. Sainton, Charles M. Leedom, Jr., and Eric J. Robinson. MLR is the owner by assignment of all right, title and interest in and to the '985 Patent, including the right to sue, enforce and recover damages for all infringements of the patent. A true and correct copy of the '985 Patent is attached as Exhibit A.

12. ZTE has directly or indirectly infringed, and is continuing to directly or indirectly infringe the '985 Patent, by making, using, offering to sell and/or selling within the United States and/or importing into the United States devices, such as for example the C78, C79 and C88 mobile phones that are within the scope of claims 1 and 2 of the '985 Patent. Such activities constitute infringement under 35 U.S.C. § 271 (a). ZTE also induces and contributes to infringement of claims 1 and 2 of the '985 Patent by its downstream customers and users, and thus infringes under 35 U.S.C. § 271 (b) and/or (c). Further, ZTE makes, uses, offers to sell and/or sells within the United States and/or imports into the United States the AD3700 Global USB Modem and the TU25 USB Modem for use with computers that are within the scope of claims 1-4, and 6-9 of the '985 Patent, and also within the scope of claim 12 with respect to AD3700. Such activities constitute infringement under 35 U.S.C. § 271 (b) and/or (c).

13. Upon information and belief, ZTE will continue to infringe the '985 Patent unless enjoined by this Court. Upon information and belief, such infringement has been, and will

continue to be, willful, making this an exceptional case and entitling MLR to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

### COUNT II – INFRINGEMENT OF U.S. PATENT NO. 6,134,453

14. MLR realleges and incorporates herein by reference the allegations stated in paragraphs 1-9 of this Complaint.

15. U.S. Patent No. 6,134,453 entitled "Adaptive Omni-Modal Radio Apparatus And Methods" (the "'453 Patent") was duly and legally issued by the United States Patent and Trademark Office on October 17, 2000, to the inventors Joseph B. Sainton, Charles M. Leedom, Jr., and Eric J. Robinson. MLR is the owner by assignment of all right, title and interest in and to the '453 Patent, including the right to sue, enforce and recover damages for all infringements of the patent. A true and correct copy of the '453 Patent is attached as Exhibit B.

16. ZTE has directly or indirectly infringed, and is continuing to directly or indirectly infringe the '453 Patent, by making, using, offering to sell and/or selling within the United States and/or importing into the United States devices, such as for example the C78, C79 and C88 mobile phones that are within the scope of claims 1 and 2 of the '453 Patent. Such activities constitute infringement under 35 U.S.C. § 271 (a). ZTE also induces and contributes to infringement of claims 1 and 2 of the '453 Patent by its downstream customers and users, and thus infringes under 35 U.S.C. § 271 (b) and/or (c). Further, ZTE makes, uses, offers to sell and/or sells within the United States and/or imports into the United States the AD3700 Global USB Modem and the TU25 USB Modem for use with computers that are within the scope of claims 1-4, 6, 7, and 9-11 of the '453 Patent. Such activities constitute infringement under 35 U.S.C. § 271 (b) and/or (c).

17. Upon information and belief, ZTE will continue to infringe the '453 Patent unless enjoined by this Court. Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling MLR to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 6,934,558

18. MLR realleges and incorporates herein by reference the allegations stated in paragraphs 1-9 of this Complaint.

19. U.S. Patent No. 6,934,558 entitled "Adaptive Omni-Modal Radio Apparatus And Methods" (the "'558 Patent") was duly and legally issued by the United States Patent and Trademark Office on August 23, 2005, to the inventors Joseph B. Sainton, Charles M. Leedom, Jr., and Eric J. Robinson. MLR is the owner by assignment of all right, title and interest in and to the '558 Patent, including the right to sue, enforce and recover damages for all infringements of the patent. A true and correct copy of the '558 Patent is attached as Exhibit C.

20. ZTE has directly or indirectly infringed, and is continuing to directly or indirectly infringe the '558 Patent, by making, using, offering to sell and/or selling within the United States and/or importing into the United States devices, such as for example the C78, C79 and C88 mobile phones that are within the scope of claims 1 and 6 of the '558 Patent. Such activities constitute infringement under 35 U.S.C. § 271 (a). ZTE also induces and contributes to infringement of claims 1 and 6 of the '558 Patent by its downstream customers and users, and thus infringes under 35 U.S.C. § 271 (b) and/or (c). Further, ZTE makes, uses, offers to sell and/or sells within the United States and/or imports into the AD3700 Global USB Modem and the TU25 USB Modem for use with computers that are within the scope of claims 1, and 4-6 of

the '558 Patent, and also within the scope of claim 2 with respect to AD3700. Such activities constitute infringement under 35 U.S.C. § 271 (b) and/or (c).

21. Upon information and belief, ZTE will continue to infringe the '558 Patent unless enjoined by this Court. Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling MLR to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 7,386,322

22. MLR realleges and incorporates herein by reference the allegations stated in paragraphs 1-9 of this Complaint.

23. U.S. Patent No. 7,386,322 entitled "Adaptive Omni-Modal Radio Apparatus And Methods" (the "'322 Patent") was duly and legally issued by the United States Patent and Trademark Office on June 10, 2008, to the inventors Joseph B. Sainton, Charles M. Leedom, Jr., and Eric J. Robinson. MLR is the owner by assignment of all right, title and interest in and to the '322 Patent, including the right to sue, enforce and recover damages for all infringements of the patent. A true and correct copy of the '322 Patent is attached as Exhibit D.

24. ZTE has directly or indirectly infringed, and is continuing to directly or indirectly infringe the '322 Patent, by making, using, offering to sell and/or selling within the United States and/or importing into the United States devices, such as for example the C78, C79 and C88 mobile phones that are within the scope of claims 1-6 and 17 of the '322 Patent. Such activities constitute infringement under 35 U.S.C. § 271 (a). ZTE also induces and contributes to infringement of such claims of the '322 Patent by its downstream customers and users, and thus infringes under 35 U.S.C. § 271 (b) and/or (c). Further, ZTE makes, uses, offers to sell and/or sells within the United States and/or imports into the United States the AD3700 Global USB

Modem and the TU25 USB Modem for use with computers that are within the scope of claims 6-8, 10, 11, 17-19, 21 and 22 of the '322 Patent. Such activities constitute infringement under 35 U.S.C. § 271 (b) and/or (c).

25. Upon information and belief, ZTE will continue to infringe the '322 Patent unless enjoined by this Court. Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling MLR to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT V – INFRINGEMENT OF U.S. PATENT NO. 5,640,444

26. MLR realleges and incorporates herein by reference the allegations stated in paragraphs 1-9 of this Complaint.

27. U.S. Patent No. 5,640,444 entitled "Methods And Apparatus For Controlling Data Transmission Using Radio Devices" (the "'444 Patent") was duly and legally issued by the United States Patent and Trademark Office on June 17, 1997, to the inventor Harry M. O'Sullivan. MLR is the owner by assignment of all right, title and interest in and to the '444 Patent, including the right to sue, enforce and recover damages for all infringements of the patent. A true and correct copy of the '444 Patent is attached as Exhibit E.

28. ZTE makes, uses, offers to sell and/or sells within the United States and/or imports into the United States the AD3700 Global USB Modem and the TU25 USB Modem for use with computers to practice the methods within the scope of claims 36 and 37 of the '444 Patent. Such activities constitute infringement under 35 U.S.C. § 271 (b) and/or (c).

29. Upon information and belief, ZTE's infringement of the '444 Patent has been, and will continue to be willful, making this an exceptional case and entitling MLR to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## **PRAYER FOR RELIEF**

WHEREFORE, MLR prays that it have judgment against ZTE for the following:

(1)   Adjudging that ZTE has infringed the '985, '453, '558, '322, and '444 patents;

(2)   Permanently enjoining and restraining ZTE and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association, active concert or participation with any of them, from further acts of infringement, contributory infringement or inducement of infringement of any asserted claim of the '985, '453, '558, '322 and '444 patents;

(3)   Awarding damages to MLR, together with both pre-judgment and post-judgment interest;

(4)   Awarding increased damages pursuant to 35 U.S.C. § 284;

(5)   Finding this action constitutes an exceptional case pursuant to 35 U.S.C. § 285;

(6)   Awarding MLR all its costs of this action, including attorneys' fees and expenses; and

(7)   Awarding such other and further relief, at law or in equity, to which MLR is justly entitled.

## JURY DEMAND

MLR hereby demands a jury trial on all issues appropriately triable by a jury.

Respectfully Submitted,

Dated: September 10, 2009     By: /s/ Virginia W. Hoptman

Virginia W. Hoptman (VSB # 65565)
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
8065 Leesburg Pike, Fourth Floor
Vienna, VA 22182
Telephone: (703) 790-3310
Facsimile: (703) 790-2623
Email: vhoptman@wcsr.com

George Pazuniak (DE Bar No. 478)
Steve MacKenzie (DE Bar No. 4791)
James M. Lennon (DE Bar No. 4570)
Anna Martina Tyreus (DE Bar No. 4771)
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
222 Delaware Avenue, Suite 1501
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
Email: gpazuniak@wcsr.com